CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
MAY 08 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA K. MONK, <br> (*Violent Ann Monk, child*), <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner <br> of Social Security, <br><br> Defendant. | CASE NO. 4:06CV00073 <br><br> REPORT AND RECOMMENDATION <br><br> By:    B. Waugh Crigler <br>         U. S. Magistrate Judge |

This challenge to a September 7, 2006 final decision by the Commissioner which adopted a decision by an Administrative Law Judge ("Law Judge") denying plaintiff's claim for continued Supplemental Security Income (SSI) benefits (child's disability) and ending benefits effective July 2005, is before the court on the defendant's motion to dismiss for lack of jurisdiction. The action has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case.

In the brief filed in support of his motion to dismiss, the Commissioner argues that the court lacks jurisdiction to review the cessation of benefits because the plaintiff failed to institute this action for review of the Commissioner's final decision within sixty days from the date of receipt of the notice of final agency action. (Commissioner' Brief, pp. 3-5.) Moreover, the Commissioner offers that there are no circumstances in this case to warrant any extension of the sixty day period, and he asks the court to strictly construe the time limit because it constitutes a waiver of sovereign immunity. (Commissioner's Brief, pp. 5-6.)

Pursuant to the Social Security Act, a civil action seeking judicial review of a final decision

of the Commissioner must be commenced within sixty days after the mailing of a notice of the decision. 42 U.S.C. § 405(g); *McMahan v. Barnhart*, 377 F.Supp.2d 534, 535 (W.D. Va. 2005). However, the Supreme Court has held "application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quotations and citation omitted). The application of equitable tolling is appropriate only in "rare" cases. *McMahan*, 377 F.Supp.2d at 537(citing *Bowen*, 476 U.S. at 480-81(applying equitable tolling where the agency engaged in "secretive conduct")); *Gibbs v. Barnhart*, No. 2:04CV00056, 2005 WL 283205, *1 (W.D. Va. February 7, 2005) (oversight by an attorney causing late filing did not justify the application of equitable tolling).

Plaintiff, the mother of the child whose benefits were terminated, concedes that she did not commence this action within sixty days of the Commissioner's final decision. (Plaintiff's Response, April 4, 2007, p. 3.[1]) However, in her response to the Commissioner's motion to dismiss, she has made an unverified assertion that "the person at the [A]ppeals [Council] said Nov-3-2006 so I file (sic) Nov. 2006[.]" (Plaintiff's Response, April 10, 2007, p. 2.[2]) Of course, this raises the entire question of whether the period was equitably tolled; otherwise, the Commissioner's motion should be granted.

The record reflects that, within five (5) days of the Commissioner's September 7, 2006 final decision adopting the Law Judge's determination to cease benefits and deny the claim for

---

[1]The Response was dated March 28, 2007 but not received and filed by the Clerk until April 4, 2007. (Dkt. No. 13.)

[2]The Response was dated April 2, 2007 but not received and filed by the Clerk until April 10, 2007. (Dkt. No. 14.)

2

continued benefits, plaintiff sought a reopening of the claim. (R. 28-29.) Plaintiff's proffered evidence suggests that, along with the request to reopen, she submitted certain medical and administrative evidence for consideration by the Appeals Council. (R. 9-27.) On November 3, 2006, the Appeals Council denied reopening and further informed plaintiff that its decision not to reopen was not reviewable by the courts. (R. 7-8.) No appeal of the Commissioner's September 7, 2006 final decision ceasing benefits was filed in this court until November 20, 2006.

In the materials submitted with her response to the Commissioner's motion to dismiss, plaintiff has provided a letter bearing the date of November 9, 2006 addressed to the attention of "G. Kramer," which purports to have been sent by facsimile to 703-605-7411. (Plaintiff's Response, April 4, 2007, Attachment 1.) While plaintiff mentions some confusion about dates on which agency action may have taken place, she references the two dates as "Oct-20-06" and "Nov-3-2006." (Pl's Response, April 4, 2007, Attachment 1, p. 1.) The only thing mentioned in this November 9, 2006 correspondence about the Commissioner's final decision dated September 7, 2006 essentially is an acknowledgment that plaintiff sent a facsimile seeking reopening in "Sept-2006." The extent to which plaintiff offers that she had verbal communication with a person at the Appeals Council concerning these matters is not one of those rare circumstances which tolls the period in which to file an appeal in federal court. It does not demonstrate to the undersigned that the Commissioner engaged in some secretive conduct which prevented plaintiff from knowing of any violation of her statutory rights under the Social Security Act. Furthermore, nothing in the record tends to show that plaintiff pursued her judicial remedies at all, much less defectively, while she still had time to do so. *See Bowen,* 476 U.S. 467 at 482; *Irwin v. Dep't of Vetrans Affairs,* 498 U.S. 89 (1990); *Harris v. Hutchinson,* 209 F. 3d 325 (4th Cir. 2000); *Gayle v. United Parcel Service,* 401 F. 3d 222, 226 (2005)(mistake of counsel did not serve to equitably toll the period of

3

limitation).

While the results here admittedly appear harsh, there is nothing the undersigned can find in the record which justifies tolling the period of limitation for the 13 days beyond the time allowed by the statute for commencing an action for judicial review. Thus, it is RECOMMENDED that an order enter GRANTING the Commissioner's motion to dismiss and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

05-08-07
Date