IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA K. MONK, | ) |
|     *(Violet Ann Monk, child)* | ) Case No. 4:06-CV-00073 |
| | ) |
|     Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Jackson L. Kiser |
| Commissioner of Social Security, | )     Senior United States District Judge |
| | ) |
|     Defendant. | |

Before me is the *Report and Recommendation* of the United States Magistrate Judge. The Magistrate Judge recommends granting the Commissioner's Motion to Dismiss. The Plaintiff filed an objection to the *Report and Recommendation*. I have reviewed the Magistrate Judge's *Report and Recommendation*, the Plaintiff's objection, and relevant portions of the record. The matter is now ripe for decision.

For the reasons stated below, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and will **OVERRULE** the Plaintiff's *Objections*. I will consider the Commissioner's Motion to Dismiss as a motion for summary judgment, and that motion will be **GRANTED**. This case will be **DISMISSED** from the docket of this Court.

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiff, a child, Violet Ann Monk, filed an application for Supplemental Security Income on May 21, 2000. At that time and throughout these proceedings the Plaintiff's mother, Brenda K. Monk ("Monk"), has acted on the child's behalf. The Commissioner granted the application, and Violet Ann Monk received benefits thereafter. On May 9, 2005, the Social Security Administration sent Monk a letter informing her that her child was no longer considered

1

disabled as of May 1, 2005, and that the Supplemental Security Income payments would stop in July of 2005. The Social Security Administration affirmed that decision on November 8, 2005.

On November 10, 2005, Monk filed a request for a hearing before an Administrative Law Judge ("ALJ"). On April 14, 2006, an ALJ held that hearing and issued a report on July 27, 2006, that found that Violet Ann Monk's disability had indeed ended by May 1, 2005, and that she was no longer eligible for Supplemental Security Benefits after July of 2005. Monk sought a review of the unfavorable decision by the Appeals Council. On September 7, 2006, the Appeals Council denied that request and the ALJ's decision became the final decision of the Commissioner. On that day, the Appeals Council mailed Monk a notice summarizing its unfavorable decision. That notice also stated that she had a right to file a civil action to review the Appeals Council's decision. The notice informed her that she had sixty days from the date she received the notice to file such an action; that the Appeals Council presumed she received the notice within five days from the date the Appeals Council sent it; and that if she needed more time to file the civil action, she could ask the Appeals Council to extend her time to file. As a result, she had until November 13, 2006, to file a civil action challenging the Commissioner's final decision or seek an extension.[1]

Monk filed a request to reopen the case on September 12, 2006. The Appeals Council denied that request on November 3. That denial informed Monk that she could not appeal the council's decision regarding her application to reopen the case. In a letter dated March, 28,

---

[1]As stated above, the Appeals Council presumed she receive the notice five days after September 7, or September 12. Sixty days from September 12 was November 11, which was a Saturday. Consequently, pursuant to Federal Rule of Civil Procedure 6, she had until November 13, the next Monday, to file her civil action.

2007, addressed to the Magistrate Judge, Monk alleges that she called the Appeals Council to clarify when she needed to file her civil action to appeal the council's decision. She asserts that the person she spoke with told her that she had sixty days from November 3 to file her appeal. Thus, she did not file a civil action until November 20, 2006. I referred this case to Judge Crigler on December 5, 2006. The Commissioner moved to dismiss on March 26, 2007. Judge Crigler recommended that I grant the Commissioner's Motion to Dismiss on May 8, 2007, and Monk filed a timely objection to that recommendation on May 14, 2006. Thus, the issues before me are fully briefed and ripe for decision.

## II.     STANDARD OF REVIEW

When a court grants a motion to dismiss after considering matters outside the pleadings, the court treats a motion to dismiss as a motion for summary judgment. *Plante v. Shivar*, 540 F.2d 1233, 1234 (4th Cir. 1976). A court possess inherent power to enter summary judgment *sua sponte*, provided that the losing party has had notice that it must come forward and defend its claim. *United States Dev. Corp. v. People Fed. Sav. & Loan Ass'n*, 873 F. 2d 731, 735 (4th Cir. 1989). On March 26, 2007, this court mailed Monk and the Commissioner a Roseboro Notice that specifically warned them that if I considered matters outside the pleadings, I might treat the Commissioner's Motion to Dismiss as a motion for summary judgment. Thus, it is clear that both parties had sufficient notice of this possibility for me to consider the motion as one for summary judgment.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return

3

a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Nevertheless, when the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

The only issues in this appeal are whether Monk filed her civil action late and, if so, whether I should allow the case to proceed under an equitable doctrine. Monk has submitted a letter that explains her failure to file on time. The Commissioner has not submitted any evidence that refutes Monk's explanation. Because I will consider evidence outside the pleadings, I will treat this as a motion for summary judgment. Because the Commissioner has not submitted any evidence that contradicts Monk's evidence, I will assume that Monk's allegation is true for the purposes of this motion.

Monk's filing was clearly late. Nonetheless, the United States Court of Appeals for the Fourth Circuit has noted that the doctrines of equitable tolling and equitable estoppel may extend the filing deadlines in some cases. *Lekas v. United Airlines, Inc.*, 282 F.3d 296, 300–01 (4th Cir. 2002). "Equitable tolling applies where a defendant, by active deception, conceals a cause of

4

action. And equitable estoppel applies where 'the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline,' even though the plaintiff knows that it exists." *Id.* at 301 (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). Clearly, Monk does not allege that the Commissioner hid her cause of action. Rather, Monk contends that the Appeals Council gave her erroneous advice that caused her to miss the deadline. Thus, this case may only proceed if Monk can show that the deadline should be extended under the doctrine of equitable estoppel.

"The Supreme Court has consistently denied efforts by litigants to estop the government from raising defenses based on claimants' failures to comply with governmental procedures due to misinformation from government agents." *Dawkins v. Witt*, 318 F.3d 606, 611 (4th Cir. 2003). In light of the United States Supreme Court's precedent, the United States Court of Appeals for the Fourth Circuit has denied a claim for equitable estoppel against the government when the "plaintiff has made no showing of affirmative misconduct on the part of the government, which is the least the court would require, even if that would suffice, to rely upon estoppel." *Zografov v. V.A. Medical Center*, 779 F.2d 967, 969 (4th Cir. 1985). The affirmative misconduct requirement augments the normal elements of equitable estoppel against non-governmental defendants. *Dawkins*, 318 F.3d at 611-12 & n.6.

In *Schweiker v. Hanson*, a case similar to this one, the Supreme Court considered what type of misconduct would support a claim for equitable estoppel against the government. 450 U.S. 785 (1981). In *Schweiker*, the plaintiff met with Don Connelly, a field representative of the Social Security Administration, and asked if she was eligible for mother's insurance benefits. *Id.* at 786. Connelly incorrectly told her that she was not eligible for the benefits and, in

5

contravention of the Claims Manual, did not advise her of the advantages of filing a written application or to file a claim if she was unsure of her eligibility. *Id.* Almost a year later, the plaintiff filed an application for benefits that was granted. *Id.* She received retroactive benefits for the preceding twelve months but believed that she should also receive benefits for the twelve months before her initial meeting with Connelly. *Id.* at 786–87 She would have been entitled to those benefits if she had filed at that time. *Id.* The Social Security Administration contended that she could not receive benefits retroactive to her first meeting with Connelly because she did not file a written claim, a prerequisite to receiving retroactive benefits, during that meeting. *Id.* On appeal, the Court considered whether Connelly's erroneous statement could estop the government from denying the plaintiff the retroactive benefits. *Id.* The Court determined that to prove equitable estoppel against the government, the plaintiff would need to show some type of affirmative misconduct on the part of Connelly. *Id.* at 788-89. The Court noted that Connelly's conduct did not rise to the level of affirmative misconduct, defined by the lower court as the "intentional violation of a rule having the force of law." *Id.*, at 789; *Hansen v. Harris*, 619 F.2d 942, 948 (2d Cir. 1980). While Connelly's behavior did not conform with the Claims Manual, those regulations did not have the force of law. *Schweiker*, 450 U.S. at 789–90. Moreover, Connelly's advice, while incorrect, did not violate any other rule with the force of law. *Id.* at 788-89. Thus, none of Connelly's behavior provided an adequate basis for equitable estoppel.

Under the principles cited above, this is not an appropriate case for equitable estoppel. Monk alleges that an employee of the Appeals Council informed her that she had sixty days from November 3, 2006 to appeal the Appeals Council's decision. Monk has not demonstrated that this conduct amounted to a knowing violation of a rule that carries the force of law. Moreover, I

6

have not found any statute or regulation that the Appeals Council violated by erroneously advising Monk. This conduct may be unprofessional, but the Fourth Circuit has held that unprofessional conduct alone will not estop the government. *Dawkins*, 318 F.3d at 612. Moreover, the initial letter sent to Monk by the Appeals Council plainly stated that she had sixty days from the date she received that letter to appeal the decision of the council to this court by filing a claim in district court. The letter took considerable pains to explain how the law would compute that time period. None of the subsequent letters she received contradicted the first letter in any way. Consequently, I do not believe that Monk has demonstrated the type of facts that would justify equitable estoppel against a governmental entity in this case.[2]

## IV. CONCLUSION

For the reasons stated herein, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and will **OVERRULE** the Plaintiff's *Objections*. I will consider the Commissioner's Motion to Dismiss as a motion for summary judgment, and that motion will be **GRANTED**. This case will be **DISMISSED** from the docket of this Court.

The clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 3rd day of July, 2007.

s/Jackson L. Kiser<br>
Senior United States District Judge

---

[2] Monk has submitted two packets of additional medical evidence relating to her daughter's condition. These documents do not address the issues of whether Monk filed on time and whether I should excuse her late filing. As a result, they do not affect my decision.